IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES FELTON WILLIAMS, #1492049, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 3:11-CV-2343-P  (BK) |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Div., | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, this case was automatically referred to the United States Magistrate Judge for findings, conclusions, and recommendation. Petitioner, a Texas state prisoner, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. For the reasons that follow, it is recommended that the habeas petition be summarily dismissed with prejudice as barred by the one-year statute of limitations.

**I. BACKGROUND**

In 2008, Petitioner was convicted of infliction of serious bodily injury to a child and was sentenced to a forty-year term of imprisonment. *State v. Williams*, No. F06-67747 (291st Judicial Dist. Court, Dallas County, Feb. 14, 2008), *aff'd*, *Williams v. State*, No. 06-08-00134-CR (Tex. App. – Texarkana Feb. 25, 2009, no pet.) (unpublished). On August 6, 2010, Petitioner filed a state habeas application, which the Texas Court of Criminal Appeals denied on January 19, 2011.

*Ex parte Williams*, No. WR-75,083-02.[1]

Thereafter, on September 12, 2011, Petitioner filed the federal petition presently at issue. In three grounds, he alleges miscarriage of justice and ineffective assistance of counsel, and requests an evidentiary hearing. (Doc. 2 at 7.) The Court did not direct Respondent to file an answer. *See* Rule 4 of the Rules Governing Section 2254 Proceedings.[2]

## II. ANALYSIS

A.  **Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief, which the Court may consider *sua sponte*. *See* 28 U.S.C. § 2244(d); *Kiser v. Johnson*, 163 F.3d 326, 328-29 (5th Cir. 1999). The Court advised Petitioner of the one-year statute of limitations and granted him an opportunity to explain why the petition should not be barred by the statute of limitations or why the limitations period should be tolled on equitable grounds. Petitioner filed a response to the Court's show cause order. (Doc. 14.)

The one-year limitations period is calculated from "the date on which the judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review." *See* 28 U.S.C. § 2244(d)(1)(A). Sections 2244(d)(1)(B)-(D) are

---

[1] The Court verified all dates listed above through information available on the Dallas County website (under criminal background information), the Texas Court of Appeals website, and the Texas Court of Criminal Appeals website.

[2] For purposes of this recommendation, the federal petition is deemed filed on September 2, 2011, the earliest possible date on which Petitioner could have handed his petition to prison officials for mailing. *See* Rule 3(d) of the Rules Governing Section 2254 Proceedings ("mailbox rule" applicable to inmates who use jail/prison's internal mailing system).

inapplicable here.[3]

Since Petitioner did not file a petition for discretionary review (PDR), his conviction became final on March 27, 2009, the last day on which he could have timely filed a PDR. *See* TEX. R. APP. PROC. 68.2(a) (PDR must be filed within thirty days of either the date on which judgment is affirmed, or last timely motion for rehearing is overruled by court of appeals); *Gonzalez v. Thaler*, ___ U.S. ___, 132 S. Ct. 641, 654 (2012) (holding that state court judgment became final, thereby commencing one-year limitations period, when the time for seeking discretionary review in state's highest court expired). The one year period began to run the next day, March 28, 2009, and expired one year later on March 27, 2010. Because that date fell on a Saturday, the one-year period was extended to the following Monday, March 29, 2010. *See* FED. R. CIV. P. 6(a); *Flanagan v. Johnson,* 154 F.3d 196, 200-01 (5th Cir. 1998) (applying Rule 6(a)). Petitioner is not entitled to statutory tolling under 28 U.S.C. § 2244(d)(2) because he did not file his state application until August 6, 2010, 130 days after the one-year period expired. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (state habeas application filed after one-year period expired does not statutorily toll limitations period). Therefore, the federal petition, deemed filed as of September 2, 2011, is clearly outside the one-year statute of limitations and should be dismissed as untimely absent equitable tolling.

B. **Equitable Tolling**

Because the one-year statutory deadline is not a jurisdictional bar, it is subject to

---

[3] Petitioner's pleadings, even when liberally construed, allege no state created impediment under subparagraph (B) that prevented timely filing of the claims. Nor does Petitioner base his grounds on any new constitutional right under subparagraph (C). With regard to subparagraph (D), the Court determines that the facts supporting the grounds for relief became or could have become known prior to the date on which Petitioner's conviction became final.

equitable tolling in appropriate circumstances. *Holland v. Florida*, ___ U.S. ____, 130 S. Ct. 2549, 2560 (2010). To be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quotations and quoted case omitted). "'Courts must consider the individual facts and circumstances of each case in determining whether equitable tolling is appropriate.'" *Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010) (quoted case omitted).

This case does not present the type of due diligence and extraordinary circumstances required for equitable tolling. *See Howland v. Quarterman*, 507 F.3d 840, 845-46 (5th Cir. 2007) (summarizing cases). Having squandered the *entire* one year period, Petitioner clearly failed to act with due diligence. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (habeas petitioner must pursue the habeas "process with diligence and alacrity"). After his conviction became final, Petitioner waited more than four months before he filed his state habeas application. His lack of diligence did not end there. Following the denial of his state application, Petitioner delayed more than seven months before he mailed the federal petition in this case.

In response to the Court's show cause order, Petitioner states that he should not be barred by the one-year statute of limitations because he is "not educated in the technical science of the law," did not have the "assistance from a trained, skilled attorney," and suffered from an unspecified "severe mental illness." (Doc. 14 at 1.) He also states that he exercised due diligence in researching the complex legal issues and that he "only recognized the constitutional violation, after 'due diligence' and research discovered that such a constitution violation caused a hindrance to petitioner [sic] rights." *Id.* at 2-3.

Even liberally construing the above assertions as a request for equitable tolling, his arguments are conclusory at best and should be rejected. Apart from his generalized statements, Petitioner does not explain the reason for the lengthy delays in his case. (Doc. 9 at 1.) Unexplained delays do not evince due diligence or rare and extraordinary circumstances. *See Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999). "[E]quity is not intended for those who sleep on their rights." *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999). In addition, neither Petitioner's *pro se* status nor his unfamiliarity with the law suffices as a basis for equitable tolling. *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) ("proceeding *pro se* is not a 'rare and exceptional' circumstance because it is typical of those bringing a § 2254 claim."); *Turner v. Johnson*, 177 F.3d 390, 391-92 (5th Cir. 1999) (*per curiam*) ("neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling. It is irrelevant whether the unfamiliarity is due to illiteracy or any other reason.").

Likewise Petitioner's disability as a result of an unspecified "severe mental illness" does not warrant equitable tolling. While mental illness may support equitable tolling of the limitations period, *see Fisher*, 174 F.3d at 715, it does not do so as a matter of course and the petitioner still bears the burden of proving rare and exceptional circumstances. *Smith v. Kelly*, 301 Fed. Appx. 375, 378 (5th Cir. 2008) (unpublished *per curiam*). Unsupported, conclusory assertions of mental illness are insufficient to support equitable tolling. *Id*. Moreover, the mental illness must render the petitioner "unable to pursue his legal rights during" the relevant time period. *Id*.; *see also Hulsey v. Thaler*, 421 Fed. Appx. 386, 391 (5th Cir. 2011) (unpublished *per curiam*), *petition for cert. filed*, No. 11-8824 (Jun. 20, 2011) (affirming district

court's refusal to equitably toll limitations period based on petitioner's mental condition, where petitioner was stable and capable of filing his petition for a period of time that lasted over one year).

Here, as in *Smith*, other than vague and unsupported allegations in response to the Court's show cause order, Petitioner has submitted nothing to demonstrate that during the one-year limitations period he suffered from a mental illness that prevented him from pursing his legal rights. *Cf. Roberts v. Cockrell,* 319 F.3d 690, 695 (5th Cir. 2003) (summarizing details regarding an illness and hospitalization that must be pled for court to determine whether they could have interfered with ability to file a timely section 2254 petition). Moreover, Petitioner's *pro se* filings in this case, allegedly without the assistance of any prison writ writer, provide some evidence of his present mental capacity. Therefore, Petitioner cannot establish that a mental impairment interfered with his ability to file a section 2254 application in a timely manner. *See Wilson v. Quarterman*, No. 3:08-CV-1339-M, 2008 WL 5350303, *3-4 (N.D.Tex. 2008) (accepting findings and recommendation) (declining to equitably toll limitation period because petitioner's vague, unsupported, self-serving allegations were insufficient to show that he was incompetent to pursue his legal rights during the one-year limitations period).

Accordingly, the Court concludes that Petitioner cannot carry his burden of establishing that equitable tolling is warranted in this case. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (party seeking equitable tolling has burden of showing entitlement to such tolling).

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be summarily **DISMISSED** with prejudice as barred by the one-year statute of limitations. *See* 28 U.S.C. § 2244 (d).

SIGNED February 16, 2012.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE